UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID MERROW,

           Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendants.

CASE NO. 2:15-cv-00004JRC

ORDER DENYING MOTION FOR COURT APPOINTED COUNSEL

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).

*Pro se* plaintiff, DAVID MERROW, proceeding *in forma pauperis* ("IFP"), moves for court appointed counsel to assist with his claim (*see* Dkt. 4). *See also* 28 U.S.C. § 1915(a)(1). For the reasons discussed herein, the Court DENIES plaintiff's motion for court appointed counsel because he has failed to demonstrate "exceptional circumstances."

Plaintiff indicates in his motion that he has called the national social security organization and received phone numbers. He has also been referred to one attorney through the King County Bar Association, but is still waiting for an attorney to represent him (*see* Dkt. 6, p. 2). *See also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). As attorneys routinely take cases on a contingency basis in this district for claimants who are unable to afford an attorney, it is unclear why plaintiff alleges that it will be difficult for him to find such representation (*see* Dkt. 6, p. 2).

Plaintiff's claims arise out of the Social Security Administration's denial of disability benefits to plaintiff (*see* Dkt. 4). A review of plaintiff's pleading makes it clear that plaintiff is capable of articulating his claims sufficiently (*id.*).

While a *pro se* plaintiff's pleadings should be liberally construed, it is incumbent on plaintiff to demonstrate "exceptional circumstances" in order to obtain court-appointed counsel.

Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel in civil cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP only following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1); *but see Kerr v. Christian Care Health Sys.*, 2010 U.S. Dist. LEXIS 27734 at *2-*3 (E.D. Pa. 2010)). As indicated by the Ninth Circuit:

> "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision."

*Terrell, supra,* 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (other citations omitted).

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 2

When evaluating if a plaintiff has demonstrated "exceptional circumstances" sufficient to support the appointment of counsel, the Court sometimes is faced with a dilemma in trying to discern if a plaintiff is sufficiently capable of articulating his claim so as to support a finding that his claim may have merit and yet incapable of dealing with the complexity of representing himself in a federal action. The Court can conceive of instances in which a plaintiff may have a meritorious claim, yet also is incapable of articulating that claim. Those instances make it extremely difficult for the Court to determine if counsel should be appointed. However, in this instance, although it is difficult to discern the likelihood of success without a full record, it is clear that plaintiff is sufficiently capable of articulating his claim given the minimal complexity of the legal issues involved.

Therefore, the Court concludes, as elucidated further below, that at this time, plaintiff has failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Terrell, supra,* 935 F.2d at 1017.

Therefore, the Court hereby denies plaintiff's motion for court appointed counsel. *See id.* The Court also directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/pro-se (last visited January 21, 2015). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38, http://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual1-15-2013revised.pdf (last visited January 21, 2015).

For the reasons stated, the Court **DENIES** plaintiff's motion for court-appointed counsel (Dkt. 6) without prejudice.

Dated this 27th day of January, 2015.

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 3

1

2

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 4