UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. MERROW,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 15-cv-00004-RJB-JRC<br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS<br><br>Noting Date: March 11, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on defendant's Motion to Dismiss for lack of subject matter jurisdiction (*see* ECF No. 18; *see also* Declaration of Nancy Chung, ECF No. 18-2). Plaintiff has filed a Response (*see* ECF No. 20).

Although *pro se* litigants are granted some leniency when the Court interprets their pleadings, here, even when all inferences are granted in favor of plaintiff and all facts are construed in plaintiff's favor, it still is clear that plaintiff did not file his complaint in a timely fashion.

Therefore, defendant's Motion to Dismiss should be granted.

BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Titles II and XVI (*see* Complaint, Dkt. 4, p. 7). On July 24, 2013, the ALJ issued a written decision denying plaintiff's claim (*see id.*, pp. 3, 5; *see also* ECF No. 18, p. 2; Declaration of Nancy Chung, ECF No. 18-2, p. 3). Subsequently, the Appeals Council denied plaintiff's request for review (*id.*, at pp. 5-6; *see also* ECF No. 18-2, p. 3). On October 16, 2014, the Appeals Council mailed to plaintiff notice of its denial of plaintiff's request for review and of the right to commence a civil action within 60 days from the date of receipt of the notice (*see id.*; *see also* ECF No. 18-2, pp. 3, 30). As conceded by plaintiff, he filed a complaint in this Court on January 5, 2015 (*see* Dkts. 1, 4*; see also* Dkt. 20, p. 2l).

STANDARD OF REVIEW

As noted by defendant, review by this Court "of final decisions on claims arising under the Social Security Act is provided for and limited by sections 205 (g) and (h) of said Act" (Dkt. 18, p. 2). According to the Social Security Act, a claimant may obtain review of a final decision of the Commissioner of the Social Security Administration "by a civil action commenced within sixty (60) days after the mailing to him of notice of such

decision or within such further time as the Commissioner may allow . . . ." 42 U.S.C. §405(g). Also, "no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). This 60-day limit "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. New York*, 476 U.S. 467, 479 (1986). Pursuant to the relevant federal regulation, the date of receipt of notice of a decision by the Appeals Council is presumed to be five days after the date such notice is mailed, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210.

## DISCUSSION

Plaintiff contends that he did not receive the written decision from the Appeals Council until October 28, 2014 (*see* Response, Dkt. 20, p. 2). However, even if the Court credits fully plaintiff's contention regarding the date he received notice from the Appeals Council, plaintiff still has not filed his complaint in a timely fashion, as 60 days after October 28, 2014 is December 27, 2014, and plaintiff filed his complaint on January 5, 2015. Although plaintiff alleges that he "was under the impression he had two additional weeks to respond to the denials 60 day period," he provides no basis for this impression (*see* Dkt. 20, p. 2). Similarly, although plaintiff alleges that "somehow, he was given the option that he was given a two week extension to file his notice of complaint by civil action," he does not inform the Court how or by whom he was given this option (*see id.*).

Although plaintiff contends that the Court has the authority to overlook plaintiff's failure to file his complaint in a timely fashion, plaintiff has not cited any law or

presented any fact which would provide this Court with such authority. Plaintiff has not alleged any fact suggesting that he was misled by the Social Security Administration or that he was not afforded due process. Plaintiff simply appears to have been under the mistaken impression that he had longer to file his complaint then he really had available to him. Therefore, the Court is unable to adjudicate plaintiff's claim on the merits.

## CONCLUSION

Plaintiff failed to file his complaint in a timely manner, and the 60-day limit "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. New York*, 476 U.S. 467, 479 (1986).

Therefore, the Court recommends that defendant's Motion to Dismiss be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 11**,** 2016, as noted in the caption.

Dated this 18th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge